UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH IANTOSCA, individually and as trustee of the Faxon Heights Apartments Realty Trust and Fern Realty Trust, BELRIDGE CORPORATION, GAIL A. CAHALY, JEFFREY M. JOHNSTON, BELLEMORE ASSOCIATES, LLC, and MASSACHUSETTS LUMBER COMPANY, INC., <br>     Plaintiffs, <br><br> v. <br><br> BENISTAR ADMIN SERVICES, INC., DANIEL CARPENTER, MOLLY CARPENTER, BENISTAR PROPERTY EXCHANGE TRUST COMPANY, INC., BENISTAR LTD., BENISTAR EMPLOYER SERVICES TRUST CORPORATION, CARPENTER FINANCIAL GROUP, LLC, STEP PLAN SERVICES, INC., BENISTAR INSURANCE GROUP, INC., and BENISTAR 419 PLAN SERVICES, INC., <br>     Defendants, <br><br> TRAVELERS INSURANCE COMPANY and CERTAIN UNDERWRITERS AT LLOYD'S LONDON, <br>     Reach and Apply Defendants. <br><br> CERTAIN UNDERWRITERS AT LLOYD'S LONDON, and all participating insurers and syndicates, <br>     Third-Party Plaintiff, <br><br> v. <br><br> WAYNE H. BURSEY, <br>     Third-Party Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE #: 1:11-mc-0066 RLY-DML <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# Order on Emergency Motion for Stay of Compliance Date for Subpoena

This matter is before the court on an emergency motion by the defendants and certain non-parties (*see* Dkt. 19) to stay enforcement of a subpoena (the "Subpoena") issued from this court and served by intervenor plaintiff United States of America. The Subpoena seeks the

production of financial records in the possession, custody, or control of nonparty JP Morgan Chase Bank, N.A. ("Chase Bank"), for a case pending in the District of Massachusetts ("Massachusetts Litigation").

On July 26, 2011, the undersigned magistrate judge issued an order (the "Order") that denied the movants' motion to quash the Subpoena and directed Chase Bank to comply with the Subpoena within 10 days, or by August 5, 2011. Briefing on the motion to quash stated that the discovery cut-off date in the underlying Massachusetts Litigation is August 15, 2011.

On August 3, 2011, the movants filed objections to the Order, in accordance with Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), asking the district court to set aside the Order as clearly erroneous or contrary to law. The movants' emergency motion for an order staying the date by which Chase Bank must comply with the Subpoena was filed the same day—two days before Chase Bank's last compliance date under the Order.

This is the second time that the movants have sought eleventh hour relief from the court with respect to the Subpoena. The United States issued notice of its Subpoena to Chase Bank on June 1, 2011 (*see* Dkt. 1-1), which sought production of the bank documents identified in the Subpoena by June 30, 2011. The movants waited three weeks, until June 22, 2011, to file their motion to quash. The court, *sua sponte,* on June 27, 2011, entered a stay of Chase Bank's obligations under the subpoena and set an expedited briefing schedule on the motion to quash to permit the court to address the movants' objections to the Subpoena before Chase Bank supplied any documents. The court's July 26, 2011 Order lifted the stay.

The movants' current request for a stay of the Order was filed too late for the court to order Chase Bank to refrain from providing documents in response to the Subpoena. According to the United States' opposition to the movants' request for stay, Chase Bank has delivered three

boxes of documents to the United States in response to the Subpoena. The United States therefore argues that the request for stay is moot.

The United States does not report when it received the documents and whether it was before or after the movants told the government on August 2, 2011, that they intended to file objections to the Order and requested the government to agree to a stay. The movants' reply brief states they learned that Chase Bank mailed the records to the government on July 28, 2011, and thus the government may have already received the documents when its counsel spoke to the movants' counsel on the morning of August 3. That morning, counsel for the United States told the movants that it would consent to a stay if the movants would consent to an extension of the discovery deadline in the Massachusetts Litigation. The movants refused, apparently, because they then filed their motion for stay. Although the court can understand that the movants would have liked to know that the government had already received the documents, knowing that it does now have them has not changed the movants' negotiating stance. They still have not offered consent to an extension of discovery in the underlying litigation in exchange for limitations on the government's review or use of the documents.

The movants reasonably should have anticipated that Chase Bank might comply with the Subpoena before the August 5 deadline. Chase Bank had been served with the Subpoena in early June and the movants did not seek initial relief to quash the Subpoena until three weeks later. The movants had to have known well before August 3 that they would file objections to the Order and could have then filed an emergency motion for stay. They also could have so advised Chase Bank and counsel for the United States. The movants also refused a reasonable and practical solution offered by counsel for the United States—an agreed stay in exchange for

an extension of the discovery deadline so that both sides' interests regarding the documents would be protected.

On these facts and in these circumstances, the court finds the movants have not acted with reasonable promptness to obtain the relief they seek; their request for a stay is moot.

The court's denial of the movants' motion for stay does not necessarily foreclose all remedies for the movants if the court sustains their objections to the Order and finds, for example, that the United States' Subpoena violated the statutory suspension of "levy actions." The issue of the proper relief should be briefed in connection with the movants' objections to the Order.

## **Conclusion**

For the foregoing reasons, the movants' emergency motion for stay is DENIED.

So ORDERED.

Dated: 08/05/2011

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Sara R. Blevins
LEWIS & KAPPES, P.C.
sblevins@lewis-kappes.com

Austin L. Furman
Trial Attorney, Tax Division
United States Department of Justice
Austin.l.furman@usdoj.gov

Richard S. Order
UPDIKE, KELLY & SPELLACY, P.C.
rorder@uks.com