UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| JOSEPH IANTOSCA, individually and as trustee of the Faxon Heights Apartments Realty Trust and Fern Realty Trust, BELRIDGE CORPORATION, GAIL A. CAHALY, JEFFREY M. JOHNSTON, BELLEMORE ASSOCIATES, LLC, and MASSACHUSETTS LUMBER COMPANY, INC., | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| vs. | ) | 1:11-mc-0066-RLY-DML |
| | ) | |
| BENISTAR ADMIN SERVICES, INC., DANIEL CARPENTER, MOLLY CARPENTER, BENISTAR PROPERTY EXCHANGE TRUST COMPANY, INC., BENISTAR LTD., BENISTAR EMPLOYER SERVICES TRUST CORPORATION, CARPENTER FINANCIAL GROUP, LLC, STEP PLAN SERVICES, INC., BENISTAR INSURANCE GROUP, INC., and BENISTAR 419 PLAN SERVICES, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) | |
| | ) | |
| TRAVELERS INSURANCE COMPANY and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, | ) ) ) | |
| Reach and Apply Defendants, | ) | |
| and | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff by Intervention. | ) | |
| | ) | |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, and all participating insurers and syndicates, | ) ) ) | |

|  |  |  |
|---|---|---|
| Third-Party Plaintiff, | ) | |
| vs. | ) | |
|  | ) | |
| WAYNE H. BURSEY, | ) | |
| Third-Party Defendant. | ) | |

### ENTRY ON MOVANTS' OBJECTION TO MAGISTRATE JUDGE'S DENIAL OF MOTION TO QUASH GOVERNMENT'S SUBPOENA TO JP MORGAN CHASE BANK FOR MOVANTS' FINANCIAL RECORDS AND MOVANTS' REQUEST FOR ORAL ARGUMENT

This matter is before the court on the Movants'[1] Objection to the Magistrate

Judge's denial of the Movants' motion to quash the Government's subpoena duces tecum

("subpoena") to J.P. Morgan Chase Bank, N.A. ("Chase Bank") for use in a case pending

in the District of Massachusetts ("Massachusetts Action"), and the Movants' request for

oral argument.  The Movants consist of Daniel Carpenter and his wife, Molly, and

numerous corporate entities controlled by Daniel Carpenter, including the "Benistar"-

named entities, the "Carpenter"- named entities, and the "STEP"- named entities.  The

court finds, for the reasons set forth below, that the Magistrate Judge's ruling was not

contrary to law and, therefore, **OVERRULES** the Movants' Objection.  The court further

finds that oral argument would not be especially helpful to the court, and thus, that

motion is **DENIED**.

---

[1] The Movants are: defendants Benistar Admin Services, Inc. ("Benistar Admin"),
Benistar 419 Plan Services, Inc. ("Benistar 419"), Benistar Insurance Group, Inc., Benistar Ltd.,
Daniel E. Carpenter, Carpenter Financial Group, LLC, and STEP Plan Services, Inc., and
nonparties Benistar Admin Services Employee Stock Ownership Plan, Benistar Group, Ltd.,
Benefit Concepts International, Inc., Benefit Concepts, Inc., Carpenter Financial Group
Employee Stock Ownership Plan, Carpenter Group, Ltd., Inc. a/k/a Carpenter Financial Group,
Inc. and/or Carpenter Financial Group, LLC, BPETCO Litigation Group, LLC and/or BPETCO
Litigation Group, Inc., and STEP Multiple Employer Supplemental Benefit Plan & Trust.

I.      Background

The plaintiffs in the Massachusetts Action obtained a judgment for breach of

contract and breach of fiduciary duty against Daniel Carpenter and certain "Benistar"

(including Benistar Admin) and "Carpenter" entities in the amount of $20 million.  *See*

*Iantosca v. Step Plan Serv., Inc.*, 604 F.3d 24, 27 (1st Cir. 2010).  Following that

judgment, STEP Plan Services, Inc., Benistar Admin, and Benistar 419, among others,

settled an action in an unrelated case in the amount of $4.5 million dollars.  *Id*. at 28.  In

the Massachusetts Action, the plaintiffs seek to reach and apply those settlement proceeds

in partial satisfaction of their $20 million judgment.  *Id*.  Complicating matters, the United

States intervened in the Massachusetts Action, asserting that it holds $1.12 million in tax

liens against Benistar Admin and Benistar 419.  The United States claims a right to the

settlement proceeds and asserts that its tax lien has priority over the plaintiffs' judgment.

Meanwhile, Benistar Admin and Benistar 419 requested Collection Due Process ("CDP")

administrative hearings with the Internal Revenue Service ("IRS") regarding the tax

assessment and tax lien.  The court presumes that a final decision has not been made.


The Government served a subpoena issued by this court, dated June 1, 2011, to

Chase Bank, ordering it to produce the financial records of the Movants for any and all

accounts held by them from January 1, 2000, to the present.  (Motion to Quash, Ex. A).

On June 22, 2011, the Movants moved to quash the subpoena.  The Magistrate Judge

denied the Movants' motion on July 26, 2011, and, two days later, Chase Bank produced

three boxes of records to the Government. The Movants object.

## II.      The Objection

The Movants advanced three arguments to the Magistrate Judge in support of their motion to quash: (1) some of the Movants were not served a copy of the subpoena in violation of Connecticut law; (2) the subpoena violates 26 U.S.C. § 6330(e)(1) ("Section 6330(e)(1)"), which requires the suspension of "levy actions" when a CDP hearing is pending; and (3) the subpoena is overly broad.  The Government responded to the arguments raised in the Objection, and argued that the Movants did not have standing to object to the subpoena.  The Magistrate Judge ruled that: (1) contrary to the Government's assertion, the Movants had standing to challenge the subpoena; (2) the Government's failure to serve the subpoena on every Movant (party or nonparty) did not invalidate the subpoena under Connecticut law;  (3) the subpoena did not violate the IRS Code's suspension of levy actions pending a CDP hearing; and (4) the subpoena was not overly broad.  The Movants' Objection[2] focuses on rulings (3) and (4) above.  The Movants filed a supplemental memorandum after they learned that Chase Bank had produced the Movants' financial records to the Government, and request that the records be returned to them.  The Movants represent that Chase Bank also produced the financial records of entities that were not listed in the subpoena.  Movants ask that those financial

---

[2] The Government's Response includes a challenge to the Magistrate Judge's finding that the Movants had standing to challenge the subpoena.  The court will not entertain this argument because, as even the Government concedes, the court can sustain the Magistrate Judge's decision without addressing this issue.

records be returned to them as well.

### A.      Section 6330's Suspension of Levy Actions Provision

Internal Revenue Code Section 6330 ("Section 6330") provides that, before the

IRS may levy on a taxpayer's property, the taxpayer is entitled to an administrative CDP

hearing.  At the CDP hearing, the taxpayer can "challenge the appropriateness of

collection actions," propose "offers of collection alternatives," and may challenge the

underlying tax debt in limited circumstances.  26 U.S.C. § 6330(c).  The Code also

provides that, when the taxpayer requests a hearing pursuant to Section 6330(e)(1), "the

levy actions which are the subject of a requested hearing . . . shall be suspended for the

period during which such hearing, and appeals therein, are pending."

Movants argue that the Government intervened in the Massachusetts Action for the

express purpose of seizing and executing on settlement proceeds of Benistar Admin and

Benistar 419.  According to the Movants, it logically follows that the Government's

subpoena, which seeks financial records to prove the validity of the tax assessments

against Benistar Admin and Benistar 419, violates Section 6330's suspension of levy

actions provision.

A levy, as that term is used in the Internal Revenue Code, "includes the power of

distraint and seizure by any means."  26 U.S.C. § 6331(b); *see also EC Term of Years*

*Trust v. United States*, 550 U.S. 429, 431 (2007) (defining a levy as a "legally sanctioned

seizure and sale of property").  A subpoena bears no relation to a seizure or a sale of

property.  Accordingly, as correctly observed by the Magistrate Judge, the issuance of a

subpoena cannot reasonably be viewed as a "levy action" subject to the statute.

Moreover, even though Benistar Admin and Benistar 419 requested CDP hearings in

response to notices of intent to levy issued by the IRS, there is nothing in the IRS Code

which prohibits the Government from instituting a judicial lien-enforcement action

pursuant to 26 U.S.C. § 7403 to protect any interest it has in the settlement proceeds and

to assert priority over competing claimants. *See United States v. National Bank of*

*Commerce*, 472 U.S. 713, 720 (1985) (distinguishing between a levy and a Section 7403

action); *Beery v. Commissioner*, 122 T.C. 184, 190-91 (2004) ("[T]here is no provision in

section 6320 or 6330 that prohibits the Commissioner from filing a Federal tax lien . . .

.]"). The Treasury Regulations support this view. *See* 26 U.S.C. § 6330-1(g)(2)

("[W]hether or not covered by the CDP Notice issued under section 6330 . . . the IRS . . .

may take other non-levy collection actions *such as initiating judicial proceedings to*

*collect the tax shown on the CDP Notice*." (emphasis added)). Accordingly, the

Government may issue subpoenas in furtherance of that action. The court therefore

agrees with the Magistrate Judge, and finds that the Government's subpoena for the

Movants' financial records from Chase Bank does not violate the suspension provisions

of Section 6330.

### B. Breadth of the Subpoena

The Magistrate Judge ruled that the subpoena was not overly broad, reasoning that:

> [T]he bank records . . . may reveal the entity or entities that controlled the
> litigation that produced the $4.5 million settlement, a factor . . . relevant to
> the [Government's] nominee and alter ego theories . . . [and] may

> demonstrate an intertwining of finances probative of the kind of control
> material to the alter ego and nominee theories.

(Order on Motion to Quash at 7). The Movants' Objection does not address the breadth

of the subpoena. Instead, the Movants argue that the financial records the Government

seeks will not show ownership of the entities or shared management, and thus, will not

lead to the discovery of admissible evidence. Whether the subpoena will produce

admissible evidence is not the test under Rule 26(b)(1) of the Federal Rules of Civil

Procedure. Instead, under that rule, a party may move for discovery of "any

nonprivileged matter that is relevant to a[] party's claim or defense," even evidence that

may not be admissible at trial, so long as it "appears reasonably likely to lead to the

discovery of admissible evidence." Because the bank records may show

undercapitalization, corporate control, and payment of litigation costs, among other facts

essential to the nominee and alter ego theories, the Magistrate Judge's determination that

the subpoena met the liberal standard of Rule 26(b)(1) will not be disturbed.

The Movants also argue that the subpoena will not lead to admissible evidence

regarding the validity of the tax penalty assessments and liens. Without going into

specifics, what is at issue here, and what the Government seeks, relates to whether

Benistar Admin and/or Benistar 419 were "material advisors" within the meaning of 26

U.S.C. § 6112(a) such that the entities were subject to tax penalties for failing to maintain

a list of advisees with respect to reportable transactions per 26 U.S.C. § 6708. The

financial records sought by the Government, as correctly assessed by the Magistrate

Judge, "may shed light whether they were material advisors by leading to evidence that they provided 'material, aid, assistance, or advice' to [Benistar] Plan &  Trust or derived certain income."  (Order on Motion to Quash at 8 (citing 26 U.S.C. § 6111(b)(1)(A) (definition of "material advisor")).  The court therefore agrees with the Magistrate Judge, and finds that the Magistrate Judge's determination of relevance for purposes of Rule 26(b)(1) was proper.

### C.    Financial Records Provided to the Government

As noted previously, Chase Bank provided the Movants' financial records to the Government before the Movants filed the present Objection.  The Movants ask that the records be sent to the Movants' counsel, and that the Government certify under oath that it has not retained any copy of the records or notes concerning the content of those records.  Because the court finds the subpoena was lawfully issued by the court, the Movants' financial records provided by Chase Bank will remain with the Government for purposes of discovery in the Massachusetts Action.

In a related matter, the Movants represent that the Government received the financial records of twenty-one (21) entities that were not listed in the subpoena.  The Movants' counsel wrote a letter to the Government with a list of the entities, demanding that it send the records of those entities to counsel.  (*See* Movants' Reply, Ex. A).  (The court's copy of the letter has been redacted such that the only visible words are either "Inc." or "Charitable Remainder Trust."  (*Id*.)).  The Government responded to the letter, stating that Chase Bank's document production was responsive to the subpoena, and,

8

even if it was not, the Movants have not established their relationship with those entities.

(*Id.*, Ex. B).  Thus, the court is left with an accusation from the Movants, and a denial

from the Government.  On this record, the court is unable to fashion an appropriate

remedy.  The court therefore finds that the best course of action is to refer this issue to the

Magistrate Judge.

## III.    Conclusion

The court finds that the Magistrate Judge's Order on the Movants' Motion to

Quash, dated July 26, 2011, was not contrary to law, and that oral argument is not

necessary.  Accordingly, the court **OVERRULES** the Movants' Objection (Docket # 16),

and **DENIES** the Movants' Request for Oral Argument (Docket # 17).  The court

**REFERS** the issue relating to the financial records of entities allegedly not listed on the

subpoena, but produced by Chase Bank to the Government, to the Magistrate Judge.

**SO ORDERED** this  6th  day of February 2012.

RICHARD L. YOUNG,  CHIEF JUDGE<br>
United States District Court<br>
Southern District of Indiana

Electronic Copies to:

Sara R. Blevins
LEWIS & KAPPES
sblevins@lewis-kappes.com

Richard S. Order
UPDIKE, KELLY & SPELLACY, P.C.
rorder@uks.com

Austin L. Furman
U.S. Department of Justice
austin.1.furman@usdoj.gov